# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY EARL MITCHELL, | No. CV 06-4153-DDP (AGR) |
| Petitioner, | |
| v. | ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| B.G. COMPTON, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation ("Objections"), and all records in the file. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

This court previously found that the savings clause in 28 U.S.C. § 2255 applied to Petitioner's claim of actual innocence in Ground One of the Petition, but granted Respondent's motion to dismiss all other grounds asserted by Petitioner. (Dkt. No. 21.)

The Objections do not dispute the merits of the Magistrate Judge's conclusion that Petitioner has not shown he was actually innocent of the crime of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §

924(c)(1) under *Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S. Ct. 1180 (1946) and its progeny. (*See* R&R at 7-8.)

Instead, Petitioner re-argues Ground Two, in which he contended that the district court's jury instructions constituted a constructive amendment of the Superseding Indictment. (Petition at 5.) The Objections appear to argue that the district court erred in instructing the jury on a *Pinkerton* theory of liability because the indictment did not contain a separate count for conspiracy. (Objections at 2-3.) The Objections do not cite any authority for that proposition.[1]

This court previously granted Respondent's motion to dismiss all grounds other than Ground One because they did not involve claims of actual innocence and Petitioner had an "unobstructed procedural shot" at presenting these claims in his initial § 2255 motion. (Dkt. No. 21 at 14-15.) To the extent Petitioner seeks reconsideration, Petitioner has not shown "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Local Rule 7-18.

///
///
///

---

[1] In the Fifth Circuit, where Petitioner was charged and convicted, existing precedent does not support Petitioner's argument. "[O]ur precedent permits district courts to give juries instructions regarding criminal liability . . . under *Pinkerton* even though those theories were not set forth in the indictment." *United States v. Creech*, 408 F.3d 264, 273 (5th Cir. 2005); *Davis v. United States*, 12 F.2d 253, 257 (5th Cir. 1926) ("Although conspiracy be not charged, if it be shown by the evidence to exist, the act of one or more defendants in furtherance of the common plan is in law the act of all.").

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 9, 2009

*[signature]*

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE